UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD NICKERT,

        Petitioner,                        Case Number: 2:10-CV-14489

v.                                              HONORABLE DENISE PAGE HOOD

SHIRLEE HARRY,

        Respondent.
                                        /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY**

Michigan state prisoner Ronald Nickert has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2008, Petitioner pleaded guilty to assault with intent to do great bodily harm less than murder and unarmed robbery. In his petition, Petitioner argues that his plea lacked a sufficient factual basis and that his attorney was ineffective in the plea and sentencing process. The Court finds no merit in Petitioner's claims and denies the petition.

**I.**

Petitioner was charged in Wayne County Circuit Court with assault with intent to do great bodily harm less than murder, interfering with electronic communications, aggravated domestic violence, and domestic violence. On March 25, 2008, at the time scheduled for preliminary examination, he pleaded guilty to assault to do great bodily harm less than murder and an added charge of unarmed robbery, in exchange for the prosecution dismissing the remaining charges and agreeing not to pursue additional charges against Petitioner.[1] On April

---

[1] The prosecutor stated that, if Petitioner did not plead guilty and the preliminary examination conducted, the State would ask the court to bind Petitioner over on additional

17, 2008, Petitioner was sentenced to 4 to 10 years' in prison for the assault conviction and 4 to 15 years' in prison for the unarmed robbery conviction.

Petitioner filed a *pro per* motion to withdraw his guilty plea on September 16, 2008. The trial court denied the motion.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising these claims through counsel:

> I. The trial court committed reversible error in denying defendant's motion to withdraw his guilty plea when the court accepted defendant's pleas without establishing a factual basis in support and without scheduling an evidentiary hearing on the voluntariness of his pleas and/or on ineffective assistance of counsel.
>
> II. The trial court abused its discretion in ordering defendant to pay costs and court appointed attorney fees as part of his sentences.

The Michigan Court of Appeals, in lieu of granting leave to appeal, vacated the portion of the sentence requiring Petitioner to pay attorney fees because the trial court failed to assess Petitioner's ability to pay, and remanded to the trial court for such an assessment. The Michigan Court of Appeals denied leave to appeal for the remaining issues. *People v. Nickert*, No. 291391 (Mich. Ct. App. June 24, 2009).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising these claims:

> I. Defendant-appellant Nickert was deprived of his Fifth, Sixth and Fourteenth Amendment state and federal constitutional due process right to either appear in person or have the assistance of counsel during oral arguments by the prosecutor at the motion hearing to withdraw plea.

---

charges: assault with intent to murder, attempted first-degree home invasion, and unarmed robbery.

II. Defendant-Appellant Nickert's plea was illusory and he was deprived of his Fourteenth Amendment due process right to be free from prosecutor overreaching.

III. Defendant-Appellant Nickert was deprived of his Sixth Amendment right to the effective assistance of appellate counsel and a meaningful appeal.

IV. Defendant-Appellant Nickert incorporates by reference those issues raised by Defendant in pro per and raised by appellate counsel attached hereto.

The Michigan Supreme Court denied leave to appeal. *People v. Nickert*, 485 Mich. 1080 (Mich. Jan. 29, 2010).

Petitioner now seeks habeas corpus relief on these claims:

I. Petitioner was deprived of his V and XIV Amendment rights when the state court failed to establish a requisite factual basis for acceptance of the plea.

II. Petitioner was constructively deprived of his Sixth Amendment right to the effective assistance of counsel in the plea and sentencing process.

## II.

### A.

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

4

disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**B.**

Petitioner first argues that habeas relief should be granted because an insufficient factual basis was established for his guilty plea.

"'[T]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. Nov. 17, 2010), *quoting Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *see also Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010). Thus, a state trial judge's failure to conduct an on-the-record inquiry into the factual

basis of a plea does not serve as a basis for federal habeas corpus relief. *Bonior*, 416 F. App'x at 478. This claim is denied.

### C.

Next, Petitioner argues that habeas corpus relief is warranted because he received ineffective assistance of counsel. Specifically, Petitioner argues that counsel was ineffective in failing to: take the necessary time to discuss the facts and defense strategy with Petitioner; conduct necessary investigation and discovery; research the law on the elements of the charged and not-yet-charged offenses; and allow Petitioner to explain the facts prior to and during the plea-taking so the court could ascertain whether a sufficient factual basis existed for the plea.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.  The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases.  *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985).  The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59.  The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

The Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented." *People v. Nickert,* No. 291391(Mich. Ct. App. June 24, 2009). "Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, __ U.S. at __, 131 S. Ct. at 784.  Where the state court fails to provide an explanation for its decision, "the habeas petitioner's burden still must be met by showing there was no

reasonable basis for the state court to deny relief." *Id.*

Although Petitioner alleges that counsel failed to consult with him prior to entry of his plea, these allegations are contradicted by the record.  At the plea hearing, Petitioner stated that he met with defense counsel prior to entering his plea, that she discussed the case with him, the sentencing guidelines, and the pros and cons of entering a plea.  Petitioner did not express any dissatisfaction with his attorney.  In addition, at sentencing, Petitioner spoke at length, but expressed no dissatisfaction with his attorney.  Petitioner fails to show that counsel's pre-plea performance was inadequate or prejudicial.

Petitioner also claims that counsel was ineffective in failing to conduct necessary investigation and discovery.  Where a habeas petition alleges counsel failed to investigate or discover potentially exculpatory evidence, "the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Hill*, 474 U.S. at 58.

In this case, Petitioner fails to identify any information which would have led counsel to change the plea recommendation.  He alleges that counsel should have conducted further investigation and legal research, both offers nothing by way of specifics.  It is well-settled that conclusory allegations are insufficient to justify habeas relief.  *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir.2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir.2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455

F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing in habeas proceedings). Petitioner's vague arguments that more should have been done fail to satisfy the *Strickland* standard.

Finally, Petitioner argues that his attorney was ineffective in failing to allow Petitioner to explain the facts prior to and during the plea-taking so the court could ascertain whether a sufficient factual basis existed for the plea. First, Petitioner admitted that he choked and kneed the victim in the face with the intent of injuring her. He also admitted to snatching her cell phone from her hands with the intention of keeping it. The trial court concluded that this constituted a sufficient factual basis to support the plea. Second, the record does not in any way support an inference that Petitioner attempted to or wished to provide further facts to the court but was prevented from doing so by his attorney. Finally, Petitioner fails to identify what additional facts he would have provided had he been given the opportunity. Thus, Petitioner has failed to show that his attorney was ineffective during the plea-taking process or that defense counsel's representation caused him any prejudice.

The Court finds that the state court's decision that Petitioner's ineffective assistance of counsel claims lacked merit was not contrary to or an unreasonable application of *Strickland*.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED**.


                          s/Denise Page Hood  
                          Denise Page Hood  
                          United States District Judge

Dated: December 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 30, 2011, by electronic and/or ordinary mail.

                          s/Julie Owens  
                          Case Manager